IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MALIK AL MUSTAFA EL-ALAMIN, :
:
     Plaintiff :
:
  v. : CIVIL NO. 3:CV-16-2424
:
C.O. ANDERSON, ET AL., : (Judge Conaboy)
:
     Defendants :

_____

# MEMORANDUM
## Background

    Malik Al Mustafa El-Alamin (Plaintiff), an inmate presently confined at the United States Penitentiary, Florence, Colorado (USP-Florence), initiated this pro se combined Bivens[1]/Federal Tort Claims Act (FTCA) action regarding his prior confinement at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg). This Complaint is dated December 5, 2016 and will be deemed filed as of that date.

    It is undisputed that Plaintiff was housed at USP-Lewisburg from April 28, 2014 to December 12, 2016. His pending Complaint contends that he was placed in overly tight restraints for approximately two days beginning on September 29, 2015.

---

1. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

1

Defendant United States of America on behalf of itself and the individual Defendants responded to the complaint by filing a motion requesting that Plaintiff's in forma pauperis status be removed. See Doc. 12. The opposed motion is ripe for consideration.

**Discussion**

28 U.S.C. § 1915(g) provides that a federal civil action by a prisoner proceeding in forma pauperis is barred if he or she:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

While incarcerated, Plaintiff previously initiated three civil actions under his birth name of Eric Britten which were dismissed for failure to state a claim. See Britten v. Benson, Civil No. 14-7022, 2002 WL 1558276 (D. Minn. July 12, 2002). See Doc. 13-2. Plaintiff has also had actions dismissed for failure to state a claim under his current name of El-Alamin. See El-Alamin v. Federal Bureau of Prisons,, Civil No. 14-CV-1136,(S.D. Ill. June 2014)((sua sponte dismissal for failure to state a claim) and El-Alamin v. Fricke, No. 14-CV-1201, (C. D. Ill. June 4, 2014). The determination of the applicability of § 1915(g) to the pending action is bolstered by the fact that he has had prior

2

actions dismissed under the three strikes provision[2] as well as Plaintiff's own admission in his pending complaint that he has accumulated three strikes. See Doc. 1, ¶ VIII.

The unconstitutional conduct alleged in Plaintiff's latest action stems from a September 29-30, 2015 use of restraints which did not place this inmate in danger of imminent "serious physical injury" at the time his Complaint was filed over a year later on December 5, 2016 (just one week prior to his transfer from USP-Lewisburg). See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001); McCarthy v. Warden, USP-Allenwood, 2007 WL 2071891 *2 (M.D. Pa. July 18, 2007)(Caldwell, J.) (the danger of serious physical injury must be about to occur at any moment or impending at the time the complaint was filed, not at the time of the alleged incident). On the contrary, this action solely regards alleged events which occurred over a year earlier. Contrary to Plaintiff's argument, the claim that Plaintiff was awaiting carpal tunnel surgery for an injury allegedly sustained over a year earlier does not satisfy his burden of showing imminent danger.

In conclusion, Plaintiff has admittedly had at least three prior actions dismissed as frivolous. Second, there is no indication that Plaintiff was at risk of serious physical injury when this action was filed. Based upon those considerations, this action will be dismissed under § 1915(g). If Plaintiff pays the

---

2. See El-Alamin v. Moats, Civil No. 14-CV-1137 (C.D. Ill. 2014). See Doc. 13-2, Exhibit 3.

3

required filing fee within twenty-one days (21) of the date of this Memorandum, this matter will be reopened.  An appropriate Order will enter.

                              <u>S/Richard P. Conaboy</u>
                              RICHARD P. CONABOY
                              United States District Judge

DATED: JULY 12 , 2017