# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIK AL MUSTAFA EL-ALAMIN, | : | |
| Plaintiff | : | |
| | : | **CIVIL ACTION NO. 3:16-2424** |
| v. | : | **(JUDGE MANNION)** |
| C.O. ANDERSON, et al., | : | |
| Defendants | : | |

# MEMORANDUM

## I. Background

Malik Al Mustafa El-Alamin (Plaintiff), an inmate presently confined at the United States Penitentiary, Florence, Colorado (USP-Florence), initiated this pro se combined Bivens[1]/Federal Tort Claims Act (FTCA) action regarding his prior confinement at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg). Plaintiff's action was initially assigned to the Honorable Richard P. Conaboy of this Court. The case has been reassigned to the undersigned.

By Memorandum and Order dated July 12, 2017, Judge Conaboy granted a motion by Defendant United States of America, acting on behalf of itself and the individual Defendants, requesting that El-Alamin's in forma

---

1. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

pauperis status be removed pursuant to 28 U.S.C. §1915(g). The Memorandum concluded that relief was appropriate based upon Plaintiff's admission that he had accumulated three strikes and since the alleged unconstitutional conduct stemming from a September 29-30, 2015 use of restraints did not place this inmate in danger of imminent "serious physical injury" at the time his Complaint was filed over a year later on December 5, 2016.

Presently pending is Plaintiff's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59. The opposed motion argues that Judge Conaboy's decision to grant the motion to revoke his in forma pauperis status should be reconsidered because of the fact that El-Alamin had carpal tunnel surgery on July 5, 2017 shows that he was under imminent danger.

## II.  DISCUSSION

Rule 59 allows a party to file a motion to alter or amend judgment within twenty-eight days after entry of the challenged judgment. Petitioner's pending motion seeks reconsideration of Judge Conaboy's July 12, 2017 decision which dismissed Plaintiff's action under §1915(g).

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). Accordingly, a party seeking reconsideration

must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus. Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

As discussed by Judge Conaboy, Plaintiff was housed at USP-Lewisburg from April 28, 2014 to December 12, 2016. El-Alamin's Complaint which was dated December 5, 2016 sought relief regarding purported placement in overly tight restraints for approximately two days beginning on September 29,

2015. The fact that Plaintiff had carpal tunnel surgery on July 5, 2017 does not satisfy his burden of showing imminent danger for non-medical claims for an injury allegedly sustained over a year earlier. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001); McCarthy v. Warden, USP-Allenwood, 2007 WL 2071891*2 (M.D. Pa. July 18, 2007)(Caldwell, J.) (the danger of serious physical injury must be about to occur at any moment or impending at the time the complaint was filed, not at the time of the alleged incident).

The Plaintiff's motion has failed to establish the presence of any errors of law or fact and does not set forth any newly discovered evidence or precedent. There is simply no basis to disturb Judge Conaboy's prior determination that it was appropriate to grant the motion seeking dismissal under §1915(g). Accordingly, Plaintiff's motion to alter judgment will be denied. An appropriate Order shall follow.


       s/ *Malachy E. Mannion*
       **MALACHY E. MANNION**
       **United States District Judge**

**Dated: November 20, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-2424-01.wpd